Appeal from a judgment of the Supreme Court, Erie County (M. William Boiler, A.J.), rendered April 17, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. First, “ ‘no mention was made on the record during the course of the allocution concerning the waiver of defendant’s right to appeal his conviction’ that he was also waiving his right to appeal any issue concerning the severity of the sentence” (People v Lorenz, 119 AD3d 1450, 1450 [2014], lv denied 24 NY3d 962 [2014]; see People v Maracle, 19 NY3d 925, 928 [2012]). Second, “ ‘[although the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [Supreme] Court and defendant regarding the waiver of the right to appeal to ensure that’ defendant was aware that it encompassed his challenge to the severity of the sentence” (People v Avellino, 119 AD3d 1449, 1449-1450 [2014]; see generally People v Bradshaw, 18 NY3d 257, 264-266 [2011]). We nevertheless conclude that the negotiated sentence is not unduly harsh or severe. We *1560 note that defendant stabbed the victim more than 20 times, including 18 times in his face, throat, and stomach, thereby-causing his death. Although charged with murder in the second degree, defendant was allowed to plead guilty to manslaughter in the first degree with the understanding that he would receive the agreed-upon sentence.
Present — Whalen, P.J., Lindley, DeJoseph, NeMoyer and Curran, JJ.